UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-192-GCM

| | |
|---|---|
| JAVORIE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EHSAN AKHAVI, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I.     BACKGROUND

The pro se Plaintiff, a pretrial detainee at the Buncombe County Detention Facility, filed this action pursuant to 42 U.S.C. § 1983, claiming that his arrest and criminal prosecution have resulted in violations of his federal Fourth and Fourteenth Amendment rights, and North Carolina law. [Doc. 1 at 3-4]. The Plaintiff names as Defendants: Ehsan Akhavi and James O. Rice, Jr., public defenders who previously represented him on his criminal charges;[1] and "Buncombe County (Government Officials, Officers of the Courts, Clerk of District & Superior Court, prosecutors, Detectives, Magistrate 'All involved.'" [Id. at 3]. He alleges that Defendants Akhavi and Rice are not acting in Plaintiff's best interest, and that they have waived Plaintiff's rights without his permission; and that all of the Defendants are "conspiring together to

---

[1] The Plaintiff claims that he is presently without counsel. [Doc. 1 at 4]. A review of Buncombe County Superior Court records reflects that the Plaintiff has a pending second-degree murder charge in Case No. 23CR386747-100, and that: Eshan Akhavi was appointed to represent the Plaintiff on August 16, 2023; Jim O. Rice was appointed to represent the Plaintiff on August 25, 2023 and was removed on March 26, 2024; and Gregory A. Newman was appointed to represent the Plaintiff on May 17, 2024. See Fed. R. Ev. 201.

wrongfully, illegally, maliciously to convict [Plaintiff] of a crime [he] didn't commit" and to deprive him of due process. [Id.] (errors uncorrected). He seeks the following relief:

> I would like this entire case to be dismissed. I would also like all parties involved to pay 20,000 apiece & be fired losing their jobs. I would also like an additional 50,000 to be paid out to me for cruel & unusual punishment, wrongfully being charged & deprived of my due process of the law, mental health issues that this has caused me as well as stress, depression, being taken away from my children & losing everything in the process. I would also like all parties to face charges for what they have done. I would like to be release immediately and I want the charge that I have been wrongfully charged with placed on indefinite docket as soon as you guys find what I am saying is 100% truth. I would also like a change of venue due to the prejudice unfair treatment. A change of venue for the dismissal will ensure no retaliation can be done as a result of me filling this claim.

[Id. at 4] (errors uncorrected).

## II.     STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

The Plaintiff attempts to assert § 1983 claims against his former public defenders because he disagrees with their handling of his criminal case.  The law is well established that defense counsel are not state actors for purposes of § 1983, even when they are appointed by the state. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). In an apparent effort to demonstrate that counsel acted "under color of" state law, the Plaintiff contends that counsel conspired with unnamed Buncombe County officials to deprive him of due process and to convict him. See Tower v. Glover, 467 U.S. 194, 920 (1984) (an "otherwise private person acts 'under color of' state law when engaged in a

3

conspiracy with state officials to deprive another of federal rights"). However, these bald assertions are not supported by any factual allegations and they are insufficient to state a plausible § 1983 claim. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (to establish a civil conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right"); Wiggins v. 11 Kew Garden Court, 497 F. App'x 262 (4th Cir. 2012) (general allegations that defendants entered into an agreement, without sufficiently alleging plausible grounds to infer such an agreement, failed to state a § 1983 conspiracy claim). Accordingly, the claims against Defendants Akhavi and Rice are dismissed without prejudice.

The Plaintiff also names Buncombe County and various unnamed Buncombe County officials as Defendants.[2] The claims against Buncombe County and its officials are entirely unsupported by any factual allegations such that they cannot proceed. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); see also Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982) (the designation of a John Doe defendant is permissible only against real but unidentified defendants; dismissal is appropriate if it does not appear that the true identity of an unnamed person can be discovered through discovery or by intervention of the court).

---

[2] It appears that several of these Defendants may be immune from suit. See generally Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (discussing prosecutorial immunity); Stump v. Sparkman, 435 U.S. 349, 359 (1996) (discussing judicial immunity); Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. Mar. 2, 2012) (discussing quasi-judicial immunity).

4

To the extent that the Plaintiff seeks to assert claims under North Carolina law, the Court declines to exercise supplemental jurisdiction over them because no federal claim has passed initial review. See Artis v. Dist. of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the Plaintiff's claims under North Carolina law are dismissed without prejudice

Finally, the Court notes that much of the relief that the Plaintiff seeks is unavailable in this civil rights action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("in American jurisprudence …, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Van Houten v. Gaskill, 2006 WL 749410 (D.Kan. March 22, 2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court). To the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this

---

[3] The Court makes no determinations about the potential merit or procedural viability of such an action.

Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A and it is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this action will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2241 habeas form, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 24, 2024

Graham C. Mullen
United States District Judge